

The following constitutes the order of the Court.
Signed: March 2, 2026

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SANTA ROSA,<br><br>    Debtor. | Case No. 23-10113 CN<br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>    Plaintiff,<br>vs.<br><br>UNITED STATES CONFERENCE OF CATHOLIC BISHOPS AND CATHOLIC RELIEF SERVICES (UNITED STATES CONFERENCE OF CATHOLIC BISHOPS),<br><br>    Defendant. | Adversary No. 25-1012 CN<br><br>**ORDER APPOINTING SETTLEMENT CONFERENCE JUDGE** |

    To facilitate possible settlement, the court has determined that appointment of a judicial officer as a settlement judge is appropriate.

    It is hereby ORDERED that:

1. United States Bankruptcy Judge Dennis Montali (the "Settlement Judge") is

appointed as a settlement judge to assist in resolving disputes between or among Plaintiff the Official Committee of Unsecured Creditors and Defendant United States Conference of Catholic Bishops and Catholic Relief Services (United States Conference of Catholic Bishops), in the above-captioned adversary proceeding.

2. Each party identified above is authorized to take all steps necessary or appropriate regarding scheduling, preparing, and participating in settlement conferences with the Settlement Judge.

3. The parties should confer regarding the date and time of a status conference before the Settlement Judge and are directed to **call or email Amy Leitner ((415) 268-2320 and/or** Amy_Leitner@canb.uscourts.gov) for scheduling purposes and to address any other details about the settlement conference. Once scheduled, the Settlement Judge may establish the procedures for one or more settlement conferences.

4. The appointment of the Settlement Judge and related processes **DO NOT DELAY OR STAY** any otherwise applicable discovery deadlines, pretrial hearing dates, briefing schedules, or trial schedules, unless separately ordered by this court.

5. The Settlement Judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a settlement judge, the Settlement Judge performs judicial duties. *See, e.g.*, 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Settlement Judge and all persons assisting the Settlement Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

6. All parties participating in the settlement process will automatically:
  (i) waive and be unable to assert any claims or causes of action against the Settlement Judge or any court employees assisting with the settlement process that arise from or relate to the settlement process; and

(ii) waive and be unable to seek to compel from the Settlement Judge or from any court employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any court employees while serving in such capacity), or other participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind.

The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing the above understandings before agreeing to serve as a settlement judge.

7. All documents created for the settlement process and statements by the parties, attorneys, the Settlement Judge, any court employees, or other participants that are presented or made during the settlement process will in all respects be privileged, not reported, not recorded, not placed into evidence, not made known to the court, and not construed for any purpose as an admission.

8. No party is bound by any statement made or act taken during the settlement process unless a settlement is reached by the parties. If a settlement is reached, the settlement terms must be reduced to writing or recited and agreed to on the record.

9. The court has and retains exclusive jurisdiction and power regarding all matters arising from or related to (i) this order and (ii) the Settlement Judge's role as settlement judge.

***END OF ORDER***

AP No. 25-1012

**COURT SERVICE LIST**

Recipients are ECF participants